UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANVIR SANDHU, | No. 2:14-cv-1525 KJM EFB |
| Plaintiff, | |
| v. | ORDER |
| HEWLETT-PACKARD COMPANY, | |
| Defendant. | |

Plaintiff's motion to amend his complaint and to remand the case to Placer County Superior Court is currently pending before the court. The court submitted the motions without argument. After considering the parties' arguments, the court REMANDS the action and so denies the motion to amend as moot.

I. BACKGROUND

On May 12, 2014, plaintiff filed a complaint in Placer County Superior Court, alleging generally that he had been employed by defendant Hewlett-Packard Company (HP) for seventeen years but had been laid off, ostensibly as the result of restructuring but really because of his race, and that HP improperly refused to pay him promised severance benefits. The complaint contains five claims: breach of contract and breach of the implied covenant of good faith and fair dealing, stemming from HP's refusal to pay severance benefits; misrepresentation;
/////

1

1  termination based on race, in violation of California's Fair Employment and Housing Act
2  (FEHA); and intentional infliction of emotional distress.  ECF No. 1 at 11-16.
3  HP answered the complaint on June 24, 2014.  ECF No. 1 at 20-26.
4  On June 27, 2014, HP removed the case to this court, arguing that because the
5  severance benefits were part of an ERISA plan, the claims relating to the denial of severance
6  benefits arise under ERISA and confer jurisdiction on this court.  ECF No. 1 at 3-4.
7  On July 24, 2014, plaintiff moved to amend his complaint and to remand the case
8  to Placer County Superior Court.  Mot. to Amend, ECF No. 7.  The proposed amended complaint
9  eliminates the breach of contract and misrepresentation claims, but retains the breach of the
10 implied covenant of good faith and fair dealing, FEHA and intentional infliction of emotional
11 distress claims.  Proposed Am. Compl., ECF No. 7-1 at 4-8.
12 Counsel has provided a declaration, averring that when he drafted the original
13 complaint, he did not have a copy of the Workforce Reduction Plan and so did not realize that
14 ERISA governed the severance benefits.  Decl. of Nilesh Choudhary, ECF No. 7-1 at 1 ¶ 3.
15 Counsel avers he now realizes he must exhaust ERISA's administrative remedies for plaintiff to
16 have standing to pursue the ERISA-based claims.  *Id*. at 2 ¶ 3.
17 II.  THE MOTION TO REMAND
18 Plaintiff argues that with any ERISA-based claims removed from the amended
19 complaint, the court lacks jurisdiction over the case and should remand it to superior court.
20 Defendant says because removal was proper, the court retains jurisdiction, even if the federal
21 question claims have been dismissed.  It also argues that if amended, the claim for breach of the
22 implied covenant of good faith arises under ERISA.
23 "If, following removal, a federal court determines there was a defect in the
24 removal procedure or an absence of subject matter jurisdiction, it may remand the action to state
25 court sua sponte or on motion of a party."  *Borreani v. Kaiser Found. Hosps*., 875 F. Supp. 2d
26 1050, 1054 (N.D. Cal. 2012) (citing *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir.
27 1988)); *see also* 28 U.S.C. § 1447(c).  "In deciding whether removal was proper . . . the party
28 invoking federal jurisdiction bears the burden of establishing that removal was appropriate."

*Borreani*, 875 F. Supp. 2d at 1054 (citing *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009)).

As defendant observes, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976-77 (9th Cir. 2006) ("[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of the removal is determined solely on the basis of the pleadings filed in state court.").

Defendant removed on the basis of federal question jurisdiction. "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). However, an exception to the well-pleaded complaint rule exists when state-law causes of action are preempted by § 502(a) of ERISA. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Section 502(a) provides in relevant part:

> A civil action may be brought — (1) by a participant or beneficiary — . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). Therefore, a defendant can remove a case containing only a state-law cause of action if it can demonstrate that a plaintiff's state-law claim is preempted under § 502(a). *Id.* at 945 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Stated another way, "[i]f a complaint alleges only state law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Ins. Co.*, 481 U.S. at 65-66)).

Section 514(a) explicitly preempts state laws that "relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). However whether a state law cause of action "relates to" an ERISA plan is an affirmative defense and does not convert a state claim into one arising under federal law. *Id.* at 949; *Metropolitan Life Ins. Co.*, 481 U.S. at 64. Accordingly, the

3

court disregards defendant's argument that plaintiff's claims relate to the ERISA severance plan. *See* ECF No. 10 at 5-6.

Defendant does argue that plaintiff's state law breach of contract and covenant of good faith and fair dealing claims are completely preempted and thus provide the basis for federal removal jurisdiction. ECF No. 10 at 5-6. It argues that § 502 allows an ERISA participant to sue to enforce § 510, which provides in relevant part that it is unlawful to discharge a participant "for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . ." and "[t]he provisions of section 1132 . . . shall be applicable in the enforcement of this section." 29 U.S.C. § 1140.

Defendant relies on *Wood v. Prudential Insurance Company of America*, which examined whether a state-law unlawful termination claim was preempted when the employee alleged the employer fired him to avoid paying benefits. 207 F.3d 674, 676 (3d Cir. 2000). In *Wood,* the Third Circuit said that "[a] claim of discharge based on a 'benefits-defeating' motive comes under Section 510 of ERISA." *Id*. at 677. It found the claim to fall within section 510 because the complaint asserted "that depriving [plaintiff] of his retirement benefits was the motivating *purpose* for, and not merely a consequence of, his termination." *Id*. at 676 (emphasis in original); *see also Caivano v. Prod. Workers Union Local*, Civil No. 13–5746 (KSH), 2014 WL 2931183, at *5 (D.N.J. June 30, 2014) (stating "the impermissible intent should be *the* motivating purpose behind the termination for complete preemption to apply) (emphasis in original) (quotation marks omitted).

The complaint in this case alleges that the severance agreement promised "[plaintiff] was to receive funds in exchange for a legal release of claims against HP, which would be received if he was unable to secure employment with HP within six weeks." ECF No. 1 at 14 ¶ 17. Plaintiff secured another job with HP, which meant he was not entitled to receive the severance payment. *Id*. ¶ 19. At the time plaintiff secured the new position, HP was aware he had been involved in a non-profit organization and had determined this work violated its standards of professional conduct. *Id*. ¶ 18. Thereafter HP terminated plaintiff and denied him the severance payment after plaintiff had released HP of any claims against it. *Id*. ¶¶ 20-21. The

4

1  breach of the covenant of good faith claim is based on HP's "engaging in an investigation of
2  [plaintiff's] actions prior to [his] signing the severance agreement, and thereafter using their [*sic*]
3  findings to terminate Plaintiff and deny his severance" and "actions of terminating Plaintiff for
4  actions that were openly known and obvious to HP management after a 17 year career." *Id*.
5  ¶¶ 25-29.  As part of the notice of removal, defendant provided a copy of the Workforce
6  Reduction Plan, which is an employee welfare benefit plan governed by ERISA.  ECF No. 1 at 4,
7  33-43.

   Although the complaint is not clearly pleaded, it does not explicitly plead that HP terminated plaintiff in order to deny him severance benefits.  Given plaintiff's allegation that he was terminated from his new HP position because of race, *id*. ¶ 14, the breach of contract claim can be read as not alleging a benefits-defeating motive, but rather a decision to pursue an improper termination based on race only after plaintiff had waived any right to sue.  *See Urbanik v. ITT Corp*., Civil Action No. 09-00627 (SDW-MCA), 2009 WL 2132434, at *4 (D.N.J. July 13, 2009) (in ruling on motion to dismiss, court declined to find claim preempted when complaint alleged plaintiff was fired because of age and suggested, without stating explicitly, that benefits-defeating motive was part of decision to terminate).  Similarly, the breach of the covenant of fair dealing claim is not explicitly based on a benefits-denying motive.  As the instant complaint does not allege that the benefits-defeating motive was *the* reason plaintiff was terminated, defendant has not borne its burden of showing these two claims are completely preempted by ERISA.  Defendant has thus not shown the action was properly removed on the basis of federal question jurisdiction.

   Finally, it is of no moment that "[p]laintiff has never disputed ERISA preemption of his severance benefit claims," as defendant argues.  ECF No. 10 at 5.  "Subject matter jurisdiction cannot be conferred upon the court by the actions of the parties . . . ."  *Richardson v. United States*, 943 F.2d 1107, 1113 (9th Cir. 1991).

26  /////
27  /////
28  /////

5

      IT IS THEREFORE ORDERED that:

      1. Plaintiff's motion to amend is denied as moot;

      2. Plaintiff's motion to remand is granted; and

      3. This case is remanded to Placer County Superior Court.

DATED: September 17, 2014.

 

_____
UNITED STATES DISTRICT JUDGE